## Case No. 2,096.

### BUCKNAM v. DUNN.

[2 Hask. 215;[1] 16 N. B. R. 470.]

District Court, D. Maine. Dec. Term, 1877.

BANKRUPTCY—PROVING SECURED DEBT—SALE BY ASSIGNEE SUBJECT TO LIEN — TITLE OF PURCHASER—ENFORCEMENT OF LIEN.

1. An existing lien upon a specific parcel of a bankrupt's estate may be preserved by proving the claim in bankruptcy and having the lien allowed.

2. When the lien is so allowed, and the property to which it attaches is sold by the assignee subject to the lien, the purchaser takes a title subject to the same.

3. The lien creditor, after such sale, may have relief in equity in the district court to enforce his lien against the purchasers thereof.

In equity. Bill by [Josiah A. Bucknam] a creditor of [Daniel M. Goss] a bankrupt [against David Dunn and Olive R. Goss] to enforce a lien that had been adjudged to exist by the bankrupt court upon a parcel of the bankrupt's estate against [Dunn] the purchaser thereof from the assignee, who sold the same subject to the lien [and against Mrs. Goss, the grantee of said Dunn]. The cause was heard upon bill, answer and proof [and there was a decree for complainant].

Josiah H. Drummond, for orator.

David Dunn, for respondents.

FOX, District Judge. On the 14th day of May, 1874, a petition was filed in bankruptcy against Daniel M. Goss, and he was subsequently adjudged a bankrupt by this court, and the complainant duly appointed assignee of his estate. Goss was the owner of the right, in equity, of redemption of a certain lot of land in Minot in this district, and

[1] [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]

said Bucknam, at various times between the 4th of November, 1873, and the 31st day of January, 1874, furnished materials and labor, at the request of said Goss, for the erection of a store upon said lot, to the amount of five hundred and eighty-four dollars and eighty-one cents, including interest and costs of suit, for which, under the law of this state, he had a lien upon the right of redemption of said lot by said Goss. A suit to enforce such lien must be commenced within ninety days after the last labor is performed, or materials furnished, or the lien therefor is dissolved. On the 20th day of April, 1874, and within the ninety days, Bucknam sued out his writ of attachment against said Goss to secure his lien, and attached thereon all of said Goss's interest in the lot and the buildings thereon; this action was returnable to and entered at the September term of the supreme judicial court for the county of Androscoggin, and thence continued to the January term, when the plaintiff discontinued his action. If the same had proceeded to judgment, and the plaintiff had prevailed, the judgment therein would have been against said Goss personally, which could have been satisfied either by enforcing the lien upon the lot and building, or by levy on any other property of said D. M. Goss. Prior to the discontinuance of his lien suit, viz., January 1, 1875, said J. A. Bucknam proved his claim in bankruptcy against said Goss's estate, setting forth in his proof the nature of his claim, and the commencement and pending of his action therefor, and claiming to prove the same as a valid and existing lien for the claim and costs, as allowed by the statute of this state, and the same was allowed by the court in bankruptcy as a valid lien for the full amount. On the 26th of January, Bucknam, as assignee, petitioned the court for leave to sell all the interest which he had as assignee in the lot and store, reciting in his petition the various incumbrances, and among others "a lien claim of five hundred and eighty-four dollars and sixty-one cents, in favor of Josiah A. Bucknam, which lien claim was duly proved January 1, 1875," and prays for leave to sell, subject to these incumbrances. A sale was so ordered by the court. The license enumerating the existing incumbrances, and among others Bucknam's lien for five hundred and eighty-four dollars and sixty-one cents, and authorizing a sale subject to such incumbrances, the sale was so made, and at the time and place appointed David Dunn became the purchaser for the sum of eighty dollars, his deed from the assignee conveying to him "all the right, title, and interest which I, said Josiah A. Bucknam, have and hold in my said capacity of assignee in and to the following described premises. The same being subject to a mortgage. The same being subject to a lien claim in favor of said Josiah A. Bucknam of five hundred

and eighty-four dollars and sixty-one cents, with interest and taxes; and I, the said Josiah A. Bucknam, do not sell or convey, nor waive my said lien claim, but my said lien claim is to remain in full force in me and my heirs and assigns forever; and said lien claim is saved, reserved, and excepted to me and my heirs and assigns forever, and said parcel of land is conveyed subject to my lien claim." The deed to Dunn has never been recorded, but on the 18th day of August, 1876, said Dunn released to Olive R. Goss, the wife of the bankrupt, all his right, title, and interest in the premises.

The lien of Bucknam on the premises never having been in any way adjusted, he now brings this bill in equity against Dunn and Mrs. Goss for relief. The defendants contend that if the claim was originally a valid lien claim on these premises, the only course which the plaintiff could adopt was to prosecute his action, commenced within the ninety days, to final judgment and execution, and levying on the premises; that by discontinuing the action the lien was lost and could not be saved or protected by the proof of the debt, as a lien claim, prior to such discontinuance. It is very certain that if Goss had been adjudged bankrupt within the ninety days, the proper course for a lien claimant to adopt to secure his rights would have been to prove in bankruptcy his debt as a valid lien upon the estate of the bankrupt; in fact, no other course could have been adopted without the sanction of the court in bankruptcy, as it is discretionary in the bankrupt court to permit lien suits to be commenced in the state courts after bankruptcy proceedings are instituted. Such suits are attended with delay and expense, and as the bankrupt court is by the act fully empowered to ascertain and liquidate all liens, it may well discharge this duty and not permit suits to be instituted to waste the property in its hands. When a lien claim is thus proved, during the time in which, by the state law, an action may be instituted, the creditor has done all that is required for the security and protection of his claim. If allowed by the court as a lien claim upon such proof, nothing further remains than for the court in bankruptcy, at the proper time, to liquidate the claim either from the general assets or from the property which has come into the hands of the court, charged with this incumbrance. The lien creditor, however, must take care, if the debtor is not adjudged a bankrupt within the ninety days, to secure his lien within that time by suit and attachment of the property, and by so doing his lien is saved and not dissolved. Such a suit is, in fact, an extension and continuance of said lien beyond the ninety days, and is thus continued in full force until the suit is finally disposed of; and, in the opinion of the court, if after the ninety days and before any final disposal of such suit, such lien creditor elects to prove his demand as a preferred claim, as an existing lien, he may so proceed with the sanction and approval of the court in bankruptcy, and with the same effect as though the proof had thus been made within the ninety days. On the first of January, 1875, Bucknam's claim was a valid lien claim against the lot and building, by reason of his suit, which had been instituted within the ninety days, being then pending; he could, by leave of the court in bankruptcy, have proceeded with his suit and so saved his lien; or he could, in order to save delay and expense, place before the court his demand, with the evidence of its then being an existing valid lien, and pray the court to recognize and protect it as such. If it is admitted that on January 1st Bucknam had a valid lien for his claim which he could make available by the prosecution of his suit, it seems to the court to follow as a matter of course that, as it is made by the bankrupt act the duty of the court to ascertain and liquidate all liens, the court was bound to receive the proof of this being then an existing lien, to determine whether such was or not the fact, and when it had so ascertained to allow the claim, as a lien claim, with all the rights and privileges belonging to it under the bankrupt law. It is of no consequence what is the motive, character, or origin of the lien, or what are the remedies to be pursued under the provisions of the state law for its enforcement; the only question is, whether at the time the proof is offered there is then a lien which has attached to the claim for its security. This being the case, and so determined by the bankrupt court, it must follow that it is the duty of the court to protect it and allow the claimant the full benefit of his lien upon the property.

In the present case these respondents are not in a position to question the validity of this lien. The court, whether rightfully or not, has allowed this claim of the complainant as a valid lien upon the premises in question, and has ordered the sale to be made, subject to this lien and claim as a valid incumbrance on the premises, and it was so purchased by Dunn, he well knowing of this order of the court, and he has accepted a deed from the assignee which fully sets forth this among other incumbrances on the premises, and that the sale is made subject thereto, and the lien claim "is saved, reserved, and excepted to said Bucknam and is to remain in full force." Claiming under such a conveyance, Dunn is estopped to deny the validity of this lien upon the property thereby conveyed, and as Mrs. Goss's title is but a mere quit-claim and release from Dunn of his right, title and interest, she has acquired no greater right than Dunn was entitled to by his conveyance. Bronson v. La Crosse & M. R. Co., 2 Wall. [69 U. S.] 283.

The defendants further contend that if the plaintiff's claim still remains a valid existing lien on the premises to them conveyed,

that the district court has no jurisdiction thereof in the present action. They claim that the assignee having disposed of and conveyed all the rights in the premises vested in him as assignee, subject to this incumbrance, the district court has parted with all interest therein, and that the plaintiff must seek his redress in the state courts. The jurisdiction of this court extends "to all acts, matters, and things to be done under and in virtue of the bankruptcy until the final distribution and settlement of the estate of the bankrupt, and the close of proceedings in bankruptcy." I admit the jurisdiction of the state courts in this behalf, but I am of the opinion that the district court, in this proceeding, may still afford the plaintiff the proper relief. The bankrupt act [March 2, 1867; 14 Stat. 517, § 1] having conferred upon the district court authority to ascertain and liquidate all liens, when a lien is ascertained by the court it fails to accomplish its duty unless it completes the work devolved upon it, by liquidating the same, and the power to liquidate liens includes the power of paying the same; and as an incident to such payment, a power of sale of the property charged therewith, in order that the amount of the lien may be paid thereby. Complete jurisdiction is given by the act to this court to accomplish of itself all the purposes of the law and to enable it, independently of any other jurisdiction, to begin, continue, and end all such proceedings as may be necessary and proper to accomplish the entire settlement of the bankrupt's estate. Bump, Bankr. (10th Ed.) 326, and cases there cited.

The plaintiff having appealed to this court for the protection of his rights, for the recognition and enforcement of his lien as security for his demand, and the court having allowed his claim as a valid lien upon the premises, having precedence of any interests acquired by the respondents, and they having refused to satisfy and discharge the same, it is incumbent on the court to complete and consummate the lien, and render the same available and beneficial to the plaintiff; and the jurisdiction of the court having once attached, continues until the desired object is accomplished, until the lien is liquidated and satisfied out of the premises thereby encumbered. It may be that the estate which is subject to the lien will not, upon sale, provide sufficient, after payment of prior incumbrances, to fully satisfy the plaintiff's claim, and any deficiency remaining unpaid will stand as a debt due from the bankrupt, entitled to receive its dividends with other creditors, payable from the general assets of the estate; the court, therefore, before it can finally close the estate, must ascertain whether the property encumbered by this lien will produce sufficient to pay the full amount of the lien, leaving the general estate for distribution among the other creditors, and the jurisdiction of the

district court over the entire estate remains until the final settlement is completed. Decree for complainant.